FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Fried Frank

Direct Line: +1.212.859.8455
Email: peter.simmons@friedfrank.com

July 30, 2025

**<u>Via ECF</u>**
Hon. Gabriel W. Gorenstein
United States District Court
 for the Southern District of New York
40 Centre Street
New York, New York 10007-1312

    Re:    *OWN Your Hunger v. Rahal,* **No. 1:25-cv-4544-VM (S.D.N.Y.)**

Dear Judge Gorenstein:

    As discussed during the telephonic conference on July 23, 2025, we write on behalf of the defendants to request a stay of discovery pending resolution of defendants' forthcoming motion to dismiss the complaint.

    Defendants have today served and filed a pre-motion letter (Dkt. 43) in accordance with Judge Marrero's rules explaining why the Second Amended Complaint (SAC, Dkt. 41) suffers from many of the same deficiencies as plaintiffs' two prior complaints and is not legally viable. We plan to file a motion to dismiss that would dispose of all of plaintiffs' claims. These circumstances, and the other considerations described below, present good cause for a stay of discovery.

    "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). "A court determining whether to grant a stay of discovery pending a motion [to dismiss]" considers "the particular circumstance and posture of the case," including "the strength of the motion," "the breadth of discovery sought," and "any prejudice that would result." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

    Here, a stay of discovery should be granted given the "substantial arguments for dismissal" in this case. *See id.* at 72, 74 (staying discovery because defendants' argument for dismissal "appear[ed] to be a substantial one that has a strong likelihood of success"); *see also Ema Fin.*, 336 F.R.D. at 83 (staying discovery because party "made a strong showing that it [was] likely to succeed on its motions to dismiss"). In fact, Judge Marrero has ***already*** determined that plaintiffs' claims are unlikely to succeed on the merits in light of plaintiffs' failure (i) to properly define the relevant product market, or (ii) to explain how defendants' conduct exceeds the lawful exercise of a patentholder's right to exclude others. *See* TRO Order, Dkt. 27 at 6-11; *see also Johnson v. Krebs*, 2019 WL 162742, at *2 (D.S.D. Jan. 10,

Hon. Gabriel W. Gorenstein                       -2-                                    July 30, 2025

2019) (granting stay of discovery pending resolution of motion to dismiss because the court had already indicated when ruling on a prior preliminary injunction motion that plaintiffs appeared to have "little likelihood of success on the merits of their claims").

As set forth in defendants' pre-motion letter filed earlier today (Dkt. 43), the SAC suffers from the same deficiencies identified by the Court in connection with the TRO Order, as well as additional case-dispositive deficiencies. It is telling that plaintiffs were not able to fix those deficiencies even after the Court's TRO Order and defendants' pre-motion letter with respect to their First Amended Complaint (Dkt. 31), which flagged these fatal flaws in the case. Accordingly, defendants have made "a strong showing that the [plaintiffs'] claim[s] [are] unmeritorious." *Ema Fin.*, 336 F.R.D. at 79; *see also In re Google Digital Advert. Antitrust Litig.*, 2020 WL 7227159, at *2 (N.D. Cal. Dec. 8, 2020) (staying discovery in Sherman Act case because defendant's assertion that plaintiffs failed to adequately allege "the possession of monopoly power in the relevant market" and "the willful acquisition or maintenance of that power" presented "formidable arguments, which could prove difficult for Plaintiffs to overcome").

The second factor, the breadth of discovery, also counsels in favor of a stay of discovery. The scope of discovery in antitrust actions is typically "extensive" – and correspondingly burdensome and expensive – and, accordingly, in antitrust cases specifically, the Supreme Court has counseled that courts should refrain from "sending the parties into discovery when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558–59 (2007); *see also Spinelli v. Nat'l Football League*, 2015 WL 7302266 (S.D.N.Y. Nov. 17, 2015) (citing the "complex ... antitrust claims asserted" and the broad discovery that typically accompanies antitrust claims as one of the reasons for staying discovery pending resolution of the motions to dismiss); *Santana Prods., Inc. v. Sylvester & Assocs., Ltd.*, 121 F. Supp. 2d 729, 733 (E.D.N.Y. 1999) (referencing that discovery was stayed pending resolution of motion to dismiss in antitrust case under the Sherman Act, Lanham Act, and Donnelly Act); *Google*, 2020 WL 7227159, at *3 ("[A]s the Supreme Court has recognized, staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive.").

The third factor likewise counsels in favor of a stay of discovery. Plaintiffs would not be prejudiced by a stay of discovery because at this early "stage of the litigation, ... a delay in discovery, without more, does not amount to unfair prejudice." *See Spinelli*, 2015 WL 7302266, at *2; *see also Gagliano v. United States*, 2025 WL 1104042, at *4 (E.D.N.Y. Apr. 14, 2025) ("There exists little to no prejudice if a stay is granted. The case is still in its nascent stages as an Initial Conference has not been held and a discovery schedule has not been implemented."). Nor does the passage of time prejudice plaintiffs given that the duration of any stay of discovery would likely be no more than a few months until the motion to dismiss is briefed and decided. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009).

FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP

Hon. Gabriel W. Gorenstein -3- July 30, 2025

For the foregoing reasons, defendants respectfully request that the Court stay discovery until after the Court has ruled on defendants' forthcoming motion to dismiss.

Respectfully submitted,

Geoffrey S. Berman        Peter L. Simmons

cc: Brittany Meyer-Belnap (via ECF)