USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/17/26_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OWN YOUR HUNGER LLC, LIGHTEN UP FOODS, and DEFIANT FOODS LLC,

                    Plaintiffs,

        - against -

LINUS TECHNOLOGY, INC., EPOGEE LLC, and PETER RAHAL,

                    Defendants.

**25-CV-4544 (VM)**

**DECISION AND ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Plaintiffs OWN Your Hunger LLC, Lighten Up Foods, and Defiant Foods, LLC (collectively, "Plaintiffs") brought this antitrust action against defendants Linus Technology, Inc., d/b/a "David Protein", Epogee LLC, and Peter Rahal (collectively, "Defendants"). On February 4, 2026, this Court granted Defendants' motion to dismiss Plaintiffs' Second Amended Complaint ("SAC"). (See "MTD D&O", Dkt. No. 77.) The Decision and Order granting Defendants' motion to dismiss provided that Plaintiffs could move for leave to amend their Complaint by filing a letter brief so moving within ten days of the date of that Decision and Order. (See id. at 31-32.) Plaintiffs timely filed a letter brief seeking leave to amend on February 6, 2026. (See "Mot.", Dkt. No. 78.) Defendants filed a letter in opposition on February 11, 2026. (See "Opp'n", Dkt. No. 79.)

## I.    <u>DISCUSSION</u>

A court should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). Leave should be "freely given" "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). It is within the "sound discretion of the district court to grant or deny leave to amend." <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 200 (2d Cir. 2007).

The Court will grant Plaintiffs' request for leave to amend. The central issue animating this Court's Decision and Order granting Defendants' motion to dismiss was Plaintiffs' failure to define the product markets where they allege harm to competition occurs. (<u>See</u> MTD D&O at 11-14.) Plaintiffs now propose to cure that deficiency by alleging a relevant product market: High "Calories from Protein" ("CFP") Protein Bars sold in the United States. (Mot. at 1.) Plaintiffs state that they will define that market via allegations of Defendants' own business documents and the differences in price and physical properties between high CFP bars and other protein bars. (<u>See</u> id. at 1-2.) Those allegations are responsive to

2

the pleading deficiencies identified in this Court's previous Decision and Order.

Defendants argue that Plaintiffs' proposed market definition is implausible and thus that amendment should be denied as futile. (See Opp'n at 1-3.) "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012). Neither basis for futility is met here. First, Plaintiffs' proposed allegations are responsive to the pleading deficiencies identified in this Court's Decision and Order, specifically the lack of a consistently defined relevant market supported by allegations of reasonable interchangeability of use from the perspective of consumers. Second, Defendants have not established that those proposed allegations will prove insufficient to state a claim. Given the fact-bound nature of the market definition inquiry, denial of leave to amend based on the sufficiency of Plaintiffs' proposed market definition is not appropriate here. See Todd v. Exxon Corp., 275 F.3d 191, 199–200 (2d Cir. 2001) (describing market definition as a "deeply fact-intensive inquiry" and collecting cases). Defendants' arguments as to the viability of Plaintiffs' proposed market

definition are better left for full argument and consideration on a motion to dismiss.

Defendants' additional arguments as to why leave to amend should be denied as futile are also not persuasive. Defendants argue that Plaintiffs lack antitrust standing to sue for harm to competition in the proposed market and that Defendants' status as a patentholder immunizes the conduct alleged here. The Court's Decision and Order addressed neither of those issues, and Defendants have not demonstrated that either issue renders amendment futile.

## II.  <u>ORDER</u>

For the foregoing reasons, Plaintiffs' motion for leave to amend their complaint is **GRANTED**. Plaintiffs shall file an amended complaint within twenty-one (21) days of the date of this Order.

**SO ORDERED.**

Dated:    17 March 2026
          New York, New York

_____
              Victor Marrero
              U.S.D.J.